UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

PHILBERT GORRICK,                                    08 Civ. 4396 (GBD)

        Plaintiff,

  - against -

NEW YORK CITY TRANSIT AUTHORITY,

        Defendant.

--------------------------------------------------------X


## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT


SCHWARTZ, LICHTEN & BRIGHT, P.C
Attorneys for Plaintiff
275 Seventh Avenue - 17th Floor
New York, New York  10001
(212) 228-6320

## **TABLE OF CONTENTS**

Page

FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.     THE COURT SHOULD EXCLUDE MATTERS OUTSIDE
          THE PLEADING. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    II.    THE COMPLAINT STATES A DPPA CLAIM. . . . . . . . . . . . . . . . . . . . . . . 4

    III.   THE COMPLAINT STATES A RETALIATION CLAIM. . . . . . . . . . . . . . . 9

    IV.   DEFENDANT IS NOT EXEMPT FROM THE CITY HUMAN
          RIGHTS LAW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    V.    THE DPPA PROVIDES FOR PUNITIVE DAMAGES AGAINST
          DEFENDANT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

PHILBERT GORRICK,                                      08 Civ. 4396 (GBD)

                Plaintiff,

     - against -

NEW YORK CITY TRANSIT AUTHORITY,

                Defendant.

--------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Plaintiff Philbert Gorrick ("Gorrick") submits this memorandum of law in opposition to the motion of defendant New York City Transit Authority (the "TA") to dismiss the Complaint. Defendant apparently is unaware of the rules governing such a motion, and consequently has ventured a great distance away from the four corners of the Complaint toward detailed factual refutations and affirmative defenses. In the process, defendant effectively concedes that plaintiff has stated a claim upon which relief may be granted pursuant to the Driver's Privacy Protection Act, 18 U.S.C. § 2721 et seq. ("DPPA"), the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), the New York State Human Rights Law, Executive Law §290 et seq. ("NYSHRL"), and the Administrative Code of the City of New York, § 8-101 et seq. ("NYCHRL"). Defendant's motion should be denied.

1

FACTS

Gorrick was employed by the TA from July 1991 until June 4, 2007, most recently as a Power Cable Maintainer. Complaint ¶ 8. Defendant is a public authority created under the laws of the State of New York to operate the New York City subway and bus system. Id., at ¶ 9.

On or about September 7, 2007, the TA obtained, from the New York State Division of Motor Vehicles ("DMV"), Gorrick's date of birth; his address; his DMV identification number; the license plates, vehicle identification number, year, model, and registration expiration dates of vehicles presently and formerly owned by Gorrick; his motor vehicle registration activities; his motor vehicle insurance information; and other personal information. Complaint, at ¶ 10.

On March 27, 2007, Gorrick filed an action against the TA in this Court alleging that the TA discriminated against Gorrick because of his disability. Gorrick v. New York City Transit Auth., 07 Civ. 2529 (GBD). On or about March 31, 2008, the TA filed an action against Gorrick in Supreme Court of the State of New York, New York County, alleging that Gorrick committed fraud in connection with his employment and his business. New York Transit Auth. v. Gorrick, Index No. 400672/08 (Sup. Ct., N.Y. Cty.).

ARGUMENT

I.    THE COURT SHOULD EXCLUDE MATTERS OUTSIDE THE PLEADING.

Defendant moves to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. On such a motion, if a party introduces "matters outside the pleading," the Court may either exclude those materials, or treat the motion as a summary judgment motion pursuant to Fed. R. Civ. Pro. 56. In the latter

2

case, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. Pro. 12(b).

Defendant correctly points out that the Court, in deciding a Rule 12(b)(6) motion, may consider a document "where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)(quoting International Audiotext Network, Inc. v. American Telephone and Telegraph Co., 62 F.3d 69, 72 (2d Cir. 1995)). This exception conceivably could permit consideration of Exhibit G to Exhibit 4 of the Declaration of Ann Burton Goetcheus ("Goetcheus Declaration"), the confidential motor vehicle records which form the basis for plaintiff's DPPA claim, and Exhibit 2 to the Goetcheus Declaration, the Complaint filed by defendant in Supreme Court, New York County, which forms the basis for plaintiff's retaliation claim. Nothing, however, remotely explains how the Court could consider the 31-paragraph Goetcheus Declaration; a 204-page deposition transcript, Goetcheus Declaration, Ex. 2, Ex. D; plaintiff's tax returns, id., Ex. 4, Ex. B; discovery requests and responses in another action, id., Ex. 4, Exs. D, E; an arbitration award, id., Ex. 4, Ex. H; a transcript of a hearing in another action, id., Ex. 7; and numerous other documents which not only were not relied upon in formulating the Complaint, but have nothing to do with the Complaint.

The Court must exclude the extraneous material. Without those documents, not much is left of defendant's motion. In addition to the documents themselves, the following portions of the Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint ("Def. Mem.") must be stricken: page 1, lines 10-12; page 2, lines 1-4; page 4, lines 17-23; page 5, lines 1-14, 22-23; page 6, lines 1-7, 11-20; page 10, lines 12-23; pages 11-12; page 13, lines 1-

3

11; and page 14, lines 10-18. All that essentially remains are Points Three and Four, which are addressed below.

Plaintiff would need to leave the confines of the pleadings himself to respond to all of defendant's factual assertions, and consistent with the Rules will not do so without leave of Court. A cursory examination of defendant's own exhibits, however, sheds some light on the TA's overall credibility. For example, defendant asserts, "Significantly, Plaintiff did not raise any objection to Defendant's use of DMV records . . . on November 14, 2007, . . . nor at any time thereafter in the proceedings in the 2007 lawsuit." Def. Mem., at 13; Goetcheus Declaration, at ¶ 14. On December 13, 2007, at plaintiff's deposition in the 2007 lawsuit, the following occurred:

> MS. GOETCHEUS: I would like to mark for identification as Defendant's Exhibit X, DMV, Department of Motor Vehicle, records of your auto ownership from 1998 to the present.

> MR. LICHTEN: Okay, I'm going to object to all questions asked about this exhibit because I believe it was unlawfully obtained, but the witness can answer the questions. I have a standing objection on that basis.

Goetcheus Declaration, Ex. 2, Ex. D, at 145. Plaintiff could similarly refute the bulk of defendant's factual contentions, and will do so at the appropriate time. For now, however, plaintiff urges the Court to exclude matters outside the pleading and deny the motion.

II.     THE COMPLAINT STATES A DPPA CLAIM.

In moving to dismiss the Complaint pursuant to Rule 12(b)(6), defendant faces an daunting task.

4

On a motion to dismiss under Rule 12(b)(6), the court must accept as true the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff. The district court should grant such a motion only if, after viewing plaintiff's allegations in this favorable light, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Bolt Elec., Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995)(citations and internal quotation marks omitted). Defendant cannot come close to meeting this standard.

The Complaint asserts that defendant knowingly obtained, disclosed, and used "personal information, from a motor vehicle record." 18 U.S.C. § 2724(a); Complaint ¶¶ 10-12. Defendant did not commit these acts, according to the Complaint, for a permissible purpose, in particular for either the purpose of participation in litigation or of carrying out its governmental function. Complaint ¶¶ 13-14; 18 U.S.C. § 2721(1), (4). Plaintiff therefore states a claim under the DPPA, and the analysis should end there.

Defendant concedes it obtained, disclosed, and used confidential motor vehicle records, but disputes the assertions in the Complaint that the TA did not do so in connection with litigation or as part of its legitimate responsibilities. In support of the agency's defense, the TA relies on a raft of material outside the pleading which must be excluded. In essence, the TA is arguing that in every single case where a lawsuit is brought against the TA, whether the plaintiff is or has been employed by the TA or not, whether the subject matter of that person's lawsuit relates to the plaintiff's motor vehicle history or not, the TA may exploit its unique access to confidential DMV records to unearth information that could conceivably impeach the plaintiff's credibility on collateral matters. The plausibility of this defense in this case cannot be

5

determined on this motion, as such an inquiry would require extensive discovery regarding why and how the TA obtained and used the confidential records.

The TA's legal assertions, although beside the point for the foregoing reasons, are in any event erroneous. According to defendant, the TA may obtain and use any confidential driver records, for no particular reason, so long as some litigation is pending or contemplated. Def. Mem., at 10. The statutory exception, however, requires

> a reasonable likelihood that the decision maker would find the information useful in the course of the proceeding. . . .

> . . . This construction ensures that individuals' statutorily recognized rights to the privacy of their motor vehicle records are not sacrificed whenever a litigant raises the possibility of a tenuous connection between the protected information and issues tangentially related to a conceivable litigation strategy.

Pichler v. UNITE, 339 F. Supp. 2d 665, 668 (E.D. Pa. 2004); see also, Cowan v. Ernest Codelia, P.C., 149 F. Supp. 2d 67, 79 (S.D.N.Y. 2001)(rejecting idea that obtaining DMV records for "any use that pertains" to litigation is permissible). In its papers, defendant nowhere explains what led the agency to initiate its search of plaintiff's motor vehicle records. One could deduce that the TA may well search litigants' driver records as a matter of course, to uncover damaging information in an effort to deter individuals from bringing actions against the agency. Under defendant's legal theory, this systematic "background check" would be permitted under the DPPA, eviscerating the statute's basic privacy protections.

Defendant incorrectly claims that this Court has "rejected [the] argument that information used in connection with litigation must be 'reasonably in relation to the focus of the litigation . . ..'" Def. Mem., at 10 (citing Manso v. Santamarina & Associates, 2005 WESTLAW 975854, at **9, 11, 15 (S.D.N.Y. Apr. 26, 2005)). Actually, the Court in Manso held, "Use of

6

information during a litigation in a manner not reasonably related to that litigation might indeed give rise to the inference that the information was not actually obtained and used 'in connection with' that litigation, as § 2721(b)(4) requires, but that the litigation was instead merely a pretext for an action taken for some other purpose." Id., at *4 (citation omitted).  The Court assumed "for the sake of argument that this is the correct standard . . .." Id., at *6.  The standard was met, according to the Court, in that case, where the Complaint itself alleged that defendants obtained and used the information "'to establish that the plaintiff did not primarily reside'" at his stated address, in a Housing Court holdover proceeding centered on that precise residence. Id., at *3 (quoting Complaint ¶ 19).  The Complaint here, of course, does not allege that the TA obtained the information to establish any relevant aspect of any litigation, and indeed asserts precisely the opposite.  Complaint ¶ 14.

Even in its detailed account, the TA fails to explain how Gorrick's DMV records, dating to 1999, are relevant to Gorrick's disability discrimination claims.  Those records show that Gorrick was forced to turn in his license plates to DMV for failure to pay insurance premiums in 2002, the year in which the TA asserts Gorrick was awash in money.  Goetcheus Declaration, Ex. 4, Ex. G, at 2-3.  Other than perhaps embarrassing Gorrick into withdrawing his discrimination action, no purpose relating to the litigation exists which explains the TA's use of these confidential DMV records.

Likewise, the TA is not immune from liability under the DPPA merely because it is a government agency.  The use of the information must be in the course of "carrying out its functions."  8 U.S.C. § 2721(b)(1); Margan v. Niles, 250 F. Supp. 2d 63, 74 n. 12 (N.D.N.Y. 2003)(government agent who provided personal information for use "not in furtherance of the

7

function of that officer's agency" violates DPPA; citation omitted); Parus v. Germantown Mut. Ins. Co., 399 F. Supp. 2d 912, 917-18 (W.D. Wis. 2005)(whether police officer was "performing a legitimate law enforcement function at the time he obtained plaintiff's motor vehicle record information" question of fact for jury). Retaliation for protected activity, and deterrence of legitimate lawsuits through invasion of former employees' privacy in the hope of discovering humiliating personal information, are not legitimate functions of the TA.

The question of the TA's intent and purpose in obtaining this information will be a disputed issue of fact, and is certainly not ripe for resolution at this stage. The court "cannot grant the motion to dismiss on the grounds of the litigation exception because the complaint does not establish that the exception applies here." Pichler, 339 F. Supp. 2d, at 667-68. Discovery must be taken on all of the issues raised by defendant, at which point any material factual disputes must be resolved by a jury. Compare, Deicher v. City of Evansville, 2006 WESTLAW 3751402, at *2 (W.D. Wis. Dec. 18, 2006)(while "possible that the litigation exception of the Act applied," summary judgment denied as "it is disputed why [defendant] provided this information"), with, Thomas v. George, Hartz, Lundeed, Fulmer, Johnstone, King and Stevens, P.A., 525 F.3d 1107, 1114-15 (11th Cir. 2008)(summary judgment granted where undisputed that information used to obtain "evidence showing a custom and practice of deceptive acts engaged in by [automobile] dealerships"). At this point, though, the Complaint states a claim under the DPPA.

III.   THE COMPLAINT STATES A RETALIATION CLAIM.

Again, the TA effectively establishes that the Complaint states a claim of retaliation under the ADA, the Human Rights Law, and the Administrative Code, and then presents arguments and allegations more appropriately put before a jury.  Gorrick alleges in his Complaint that the TA is suing him for fraud only because Gorrick opposed the agency's unlawful discriminatory practices.  These assertions state a claim, leaving defendant to dispute its motivation at trial.

The ADA prohibits retaliation against individuals who oppose discrimination under the statute.  42 U.S.C. § 12203(a); NYSHRL, Executive Law § 296(7).  "A literal reading of the statute obviously outlaws all retaliatory acts including lawsuits filed in state tribunals."  EEOC v. Levi Strauss & Co., 515 F. Supp. 640, 643 (N.D. Ill.  1981)(citations omitted); EEOC v. Virginia Carolina Veneer Corp., 495 F. Supp. 775, 778 (W.D. Va.  1980)(summary judgment for plaintiff where defendant filed tort suit in state court).  Filing criminal charges may constitute retaliation as well.  Berry v. Stevinson Chevrolet, 74 F.3d 980, 986 (10th Cir.  1996); Roberson v. Snow, 404 F. Supp. 2d 79, 93-94 (D.D.C.  2005).  The critical inquiry is whether the employer pressed the legal claims for legitimate reasons or in retaliation for the plaintiff's protected activity.  Quinn v. Green Tree Credit Corp., 159 F.3d 759, 770 (2d Cir.  1998).  Plaintiff alleges that the reason why the TA is pursuing him for alleged "fraud" is because he has filed a disability discrimination claim.  Complaint ¶¶ 9, 15, 19, 21, 23.  The allegation that the TA's "action was filed for retaliatory purposes . . ., which must be proved at a [trial] but which is taken as true here, is sufficient to defeat [defendant's] motion to dismiss."  Levi Strauss, 515 F. Supp. at 644.  The TA's motion therefore should be denied.

9

Even if defendant's legal defense was relevant to this motion, that defense would still be inadequate. The TA offers the self-evident assertions that an "employer may take reasonable legal positions adverse to an employee without violating the federal anti-retaliation provisions," and that plaintiff "did not obtain immunity for fraudulent acts by virtue of his protected activity . . .." Def. Mem., at 15 (citations omitted). Yet those truisms miss the point, which is that if defendant's "legal positions" are motivated by retaliation, the agency is violating the law. The cases cited by defendant state as much. Sergilus v. Covenant House Under 21, 1999 WESTLAW 717274, at *4 (S.D.N.Y. Sept. 15, 1999)(employer entitled to object to unemployment insurance benefits application where no evidence that employer did not object to applications of employees who did not engage in protected activity); Roman v. Cornell Univ., 53 F. Supp. 2d 223, 245-46 (N.D.N.Y. 1999)(same); United States v. New York City Transit Auth., 97 F.3d 672, 677 (2d Cir. 1996)(employer merely choosing among different methods for handling allegations; no counterclaim or retaliatory lawsuit). Legal action instituted against employees who engaged in protected activity, and not against those who did not, is unlawful retaliation. See, Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1292-93 (11th Cir. 2002)(bad faith refusal to settle worker compensation claim could "serve as the basis of a retaliation claim").

The TA does not, in its hundreds of pages of improperly submitted materials, note a single other instance where the TA looked behind the assertions in a post-arbitration backpay affidavit, despite what must have been hundreds of instances where these affidavits are requested. Rather, defendant cites to a series of cases, every one of which decides a summary judgment motion on the specific facts of each case. Def. Mem., at 16. The facts in Gorrick's

10

case will be explored during discovery, but given defendant's silence on how other employees' affidavits were treated, it seems a safe bet that only employees who engage in some form of protected activity, such as the commencement of an ADA action, must defend against "fraud" accusations. Indeed, there can be no doubt that if Gorrick had not opposed the TA's discriminatory acts against him, and remained silent, that Gorrick would not be facing an action in Supreme Court, New York County. In any event, the Complaint states a retaliation claim.

IV.     <u>DEFENDANT IS NOT EXEMPT FROM THE CITY HUMAN RIGHTS LAW.</u>

Defendant claims that the TA is not required to comply with New York City anti-discrimination laws. This Court and others have consistently rejected this contention.

Defendant relies on N.Y. Public Authorities Law § 1266(8), which provides that "no municipality . . . shall have jurisdiction over any facilities of the [TA] . . . or any of [its] activities or operations." A "consistent line of authority" holds

> that § 1266(8) exempts the TA only from local laws that conflict with the TA's status as an independent agency charged with the vital mission of providing transportation services. Since "[i]t cannot be seriously contended . . . that compliance with the prohibitions against employment discrimination would interfere with [the TA's] function and purpose," the TA's claim of exemption from the anti-discrimination provision of the New York City Administrative Code is rejected.

<u>Bogdan v. New York City Transit Auth.</u>, 2005 WESTLAW 1161812, at *6 (S.D.N.Y. May 17, 2005)(quoting <u>Levy v. City Comm'n on Human Rights</u>, 85 N.Y.2d 740, 745, 628 N.Y.S.2d 245, 248, 651 N.E.2d 1264, at 1267(1995)). <u>Accord</u>, <u>Stamm v. New York City Transit Auth.</u>, 2006 WESTLAW 1027142, at *13-16 (E.D.N.Y. Feb. 7, 2006); <u>Everson v. New York City Transit Auth.</u>, 216 F. Supp. 2d 71, 79-81 (E.D.N.Y. 2002); <u>Rios v. Metropolitan Transportation Auth.</u>,

11

2004 WESTLAW 3093154, at *3 (Sup. Ct., N.Y. Co.  Dec. 22, 2004); see also, Wahlstrom v. Metro-North Commuter R.R. Co., 89 F. Supp.2d 506, 527 n. 21 (S.D.N.Y.  2000)(Section 1266(8) does not exempt agencies from NYCHRL); Huerta v. New York City Transit Auth., 290 A.D.2d 33, 39, 735 N.Y.S.2d 5, 10 (1st Dep't  2001), appeal dismissed, 98 N.Y.2d 643, 744 N.Y.S.2d 758, 771 N.E.2d 831 (2002)(TA subject to municipal escalator safety regulations). Both Federal and State courts have uniformly interpreted the statute as not exempting the TA from City anti-bias laws.

Defendant cites to one outlier decision.  Tang v. New York City Transit Auth., 16 Misc.3d 703, 842 N.Y.S.2d 261 (Sup. Ct., Kings Cty.  2007).  Two cases decided since Tang, however, have rejected its holding.  Bumpus v. New York City Transit Auth., 2008 WESTLAW 399147 (Sup. Ct., Kings Cty.  Feb. 13, 2008); Parker v. Metropolitan Transportation Auth., 2007 WESTLAW 2962737, at *2 (Sup. Ct., Kings Cty.  Sept. 21, 2007).

Defendant, and Tang, rely on the position of the New York City Commission on Human Rights.  One court recently held it was "unpersuaded" by this argument.  Muhammad v. New York City Transit Auth., 450 F. Supp. 2d 198, 209 (E.D.N.Y.  2006).  The District Court found no support for the idea that "this Court, or any other court, should defer to the Commission in its interpretation of a State statute," as opposed to "regulations which it promulgated . . .."  Id. Defendant offers no additional support for that idea now.  The motion to dismiss the Fourth Cause of Action should be denied.

V.    THE DPPA PROVIDES FOR PUNITIVE DAMAGES AGAINST DEFENDANT.

      Plaintiff seeks punitive damages pursuant to his DPPA claim only.  Complaint 5.

Defendant contends that "punitive damages are not available against the Transit Authority . . .."

Def. Mem., at 17.  This contention is incorrect.

      The TA cites caselaw holding that punitive damages are not available for claims brought

pursuant to New York common law, Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 70 N.Y.2d

382, 386-87, 521 N.Y.S.2d 653, 655, 516 N.E.2d 190, 192 (1987); Karoon v. New York City

Transit Auth., 241 A.D.2d 323, 324, 659 N.Y.S.2d 27, 29 (1st Dep't 1997), and certain Federal

and state statutes.  Bowles v. New York City Transit Auth., 2006 WESTLAW 1418602, at *7 n.

14 (S.D.N.Y.  May 23, 2006) (Title VII, Section 1983, state human rights laws); Munafo v.

Metropolitan Transportation Auth., 2003 WESTLAW 21799913, at *22 (E.D.N.Y.  Jan. 22,

2003) (Section 1983); Majer v. Metropolitan Transportation Auth., 1992 WESTLAW 110995, at

*4 (S.D.N.Y.  May 7, 1992) (Section 1983, N.Y. Labor Law Section 740).

      The DPPA, however, provides that the Court may award punitive damages against any

"person," which is defined to include any "entity," except for a State or State agency.  8 U.S.C. §

2725(2).  The Court of Appeals's prohibition on punitive damages, of course, does not supersede

Federal law.  U.S. Const., Art. VI, cl. 2.  Punitive damages therefore are available against the TA.

<u>CONCLUSION</u>

For the foregoing reasons, plaintiff respectfully requests that defendant's motion to dismiss the Complaint be denied.


Dated: June 30, 2008
      New York, New York


                              Stuart Lichten (SL-1258)
                              SCHWARTZ, LICHTEN & BRIGHT, P.C.
                              Attorney for Plaintiff
                              275 Seventh Avenue - 17th Floor
                              New York, New York  10001
                              (212) 228-6320

14